Argued and submitted January 17, 2020, affirmed June 23, 2021

EMERALD DEVELOPMENT COMPANY,
an Oregon corporation, for itself and derivatively
on behalf of Meridian Village No. 1, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

VIAL FOTHERINGHAM LLP,
an Oregon limited liability partnership,
and A. Richard Vial, an individual,
*Defendants-Respondents,*

*and*

OAK BROOK FINANCIAL CORPORATION,
a Washington corporation, et al.,
*Defendants.*

Multnomah County Circuit Court
130608615; A167137

489 P3d 138

Marilyn E. Litzenberger, Judge.

Andrew T. Reilly argued the cause for appellant. Also on the brief was Stillwater Law Group LLC.

Daniel L. Lis argued the cause for respondents. Also on the brief were Nena Cook and Ater Wynne LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals an order denying its motion for relief from judgment. In a single assignment of error, it contends that the court erred in denying the motion as untimely, because (1) the motion should have been deemed timely for purposes of ORCP 71 B in light of the court clerk's mistaken rejection of plaintiff's effort to file within one year after entry of the judgment, and (2) the trial court failed to appreciate that it "had discretion to consider the timeliness of plaintiff's filing and the merits of plaintiff's motion" and "erroneously thought [itself] powerless in the face of" a Uniform Trial Court Rule (UTCR) that provides a mechanism for seeking relation back to correct a court clerk's error in rejecting a filing. *See* UTCR 21.080 (addressing relation back of documents rejected for electronic filing).

Defendants respond that plaintiff mischaracterizes the trial court's ruling. According to defendants, the court determined—correctly—that it had no discretion under ORCP 71 B to grant a motion that was filed more than a year after the judgment, not that it lacked discretion to treat the motion as having been filed within the year or to correct the filing date. Defendants also raise preservation challenges, arguing that the source of law and arguments advanced on appeal were never presented to the trial court. We agree with defendants.

A more detailed discussion of the facts of this case and explication of our application of the law would not benefit the bench, the bar, or the public. Having reviewed the briefing and the relevant portions of the record, we are not persuaded that the arguments—specifically the sources of law relied upon by plaintiff on appeal—were raised to the trial court in a sufficient manner to render them preserved for appellate review. Accordingly, on this record and with the preservation problems present, we cannot conclude that the trial court erred in treating the motion as untimely based on the filing date in the court's official register, or that the court somehow plainly erred by not correcting the filing date as a "clerical mistake" under ORCP 71 A.

Affirmed.